UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KATHRYN MBWELERA | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:22-CV-260-HAB |
| DR. K. BYERLY | ) |
| LUTHERAN HOSPITAL | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Kathryn Mbwelera, proceeding pro se, filed a Civil Complaint (ECF No. 1) against Dr. K. Byerly and Lutheran Hospital. Plaintiff also filed a Motion to Proceed in Forma Pauperis ("IFP") (ECF No. 2). For the reasons below, the Plaintiff will be permitted to file an amended complaint setting forth the basis for the Court's jurisdiction. The Motion to Proceed IFP will remain under advisement.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). The inquiry does not end there, however. District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff's Complaint in its entirety reads:

> On 5/23/2022 in Lutheran ER, State Street I was told by Dr. Kenneth Byerly that I had glass in my foot. X-rays confirmed. He Dr. Byerly sent me home with glass in my foot rather than numbing my foot and removing the glass, leaving me in severe pain and at risk for an infection, sepsis, and amputation. I was told go to a podiatrist (which I didn't have). I suffered almost 2 weeks before being seen at which time the glass was removed by Dr. Ashley Bojrab MD. The actions of this doctor and hospital was negligent and cruel. It was not safe to send me home with glass in my foot being a senior citizen and a diabetic. I hold this hospital and the treating doctor for undescribable pain and suffering for almost 2 weeks and I seek compensation.

(Compl. at 2) (all sic). From this factual recitation, it appears Plaintiff is suing the defendants under a theory of negligence. Negligence is a state-law claim. A federal district court does not have federal question jurisdiction over state-law claims. *See* 28 U.S.C. § 1331.

To proceed in federal court, Plaintiff has the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has not met this burden from the face of her Complaint. Based on her factual allegations, for this Court to have jurisdiction over Plaintiff's state-law negligence claim in the absence of any viable federal-law claims, the parties must be of diverse citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Said slightly differently, a plaintiff must establish that each defendant is a citizen of a state different

from the plaintiff's state in order to establish jurisdiction under Section 1332(a) and the amount at stake must exceed $75,000.

Accordingly, the Court:

(1) DIRECTS the Plaintiff to file an Amended Complaint by September 16, 2022, asserting the citizenship of all the parties and the amount in controversy or otherwise asserting a basis for federal question jurisdiction;

(2) TAKES UNDER ADVISEMENT Plaintiff's request to proceed in forma pauperis (ECF No. 2); and

(3) CAUTIONS the plaintiff if there is no response by the deadline, this case will be dismissed without further notice.

SO ORDERED on August 16, 2022.

                                                s/ Holly A. Brady
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT